

**ORDERED in the Southern District of Florida on March 30, 2012.**

                    **Erik P. Kimball, Judge**
                      **United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No. 11-29628-EPK |
| LYNNE ANN LARKIN, | Chapter 7 |
|     Debtor. | |
| _____/ | |

ORDER DENYING
MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

      In this case, the chapter 7 trustee seeks an order approving a settlement with the mortgage lender holding a lien on the debtor's homestead. Under the proposed settlement, the bankruptcy estate would receive $10,000 and the estate would waive not only the counterclaim brought by the debtor against the lender in the lender's pre-petition foreclosure action but all of the debtor's defenses raised in that foreclosure action. The trustee and mortgage lender argue that the debtor's defenses are property of the estate and may be waived by the trustee through the proposed settlement, thereby precluding the debtor from raising the defenses in the foreclosure action. The debtor argues that her defenses are not property of the estate and that the trustee cannot waive them on her

behalf. The debtor also argues, belatedly, that her counterclaim against the lender is a component of her homestead and is itself exempt from administration. As more fully discussed below, the Court rules that the debtor's counterclaim against the lender is property of the estate, not exempt from administration in this case, and may be settled by the trustee, but that the debtor's defenses may not be waived by the trustee on her behalf, and so the proposed settlement between the trustee and the mortgage lender will be disapproved.

This matter came before the Court upon the *Motion to Approve Stipulation to Compromise Controversy* [ECF No. 43] (the "Motion") filed by chapter 7 trustee Michael R. Bakst (the "Trustee") and the *Response/Partial Objection to Trustee's Motion to Approve Stipulation to Compromise Controversy with Wells Fargo* [ECF No. 46] (the "Objection") filed by Lynne Ann Larkin (the "Debtor"). The Trustee seeks approval of the *Stipulation to Compromise Controversy* (the "Stipulation") entered into by the Trustee and Wells Fargo Bank, N.A. ("Wells Fargo"), attached to the Motion. Following a January 19, 2012 hearing on the Motion, the Court entered its *Order Setting Briefing Deadline* [ECF No. 70] and its *Order Granting Debtor's Motion to Extend Time for the Debtor to Submit Brief* [ECF No. 83]. Wells Fargo filed a brief [ECF No. 85] which was joined in by the Trustee [ECF No. 87]. The Debtor filed an initial brief [ECF No. 89] and an amended brief [ECF No. 91].

The Court considered the Motion, the Objection, the briefs filed by the parties, and the arguments advanced by counsel for the Trustee, Wells Fargo and the Debtor at the hearing.

In July of 2010, Wells Fargo commenced a foreclosure action against the Debtor in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida styled *Wells Fargo Bank, N.A., Successor by Merger to Wells Fargo Home Mortgage, Inc. v.*

2

*Lynne A. Larkin, el al.*, Case No. 31-2010-CA-073527 (the "State Court Action"). In response, the Debtor filed her *Answer and Counterclaim* [ECF No. 48-1] in which she raises numerous defenses (the "Defenses") and a counterclaim (the "Counterclaim") against Wells Fargo. The Counterclaim seeks unspecified damages in excess of $15,000.00.

On July 15, 2011, the Debtor filed a voluntary petition commencing the above-captioned chapter 7 case. The Debtor listed the Counterclaim as an asset on her Schedule B and listed her home (the "Homestead Property"), the subject of the State Court Action, as exempt pursuant to 11 U.S.C. § 522(b)(3) and Art. X, § 4(a)(1), Fla. Const.

The Trustee seeks approval of the Stipulation, which presents a complete settlement of the State Court Action. Under the Stipulation, the bankruptcy estate would receive $10,000 and the estate would waive the Defenses and the Counterclaim. The result is that Wells Fargo would be permitted to foreclose on the Debtor's Homestead Property and the Debtor would be left with no ability to respond in the State Court Action.

Paragraph 3 of the Stipulation states: "[The Trustee and Wells Fargo] have agreed to settle their dispute in connection with the said cause of action for the sum of **ten thousand and no/100 ($10,000.00)** (the 'Settlement Amount')." (emphasis in original). Paragraph 6 of the Stipulation states, in pertinent part:

> [I]n consideration for the settlement herein outlined . . . the Trustee releases, acquits and forever discharges Wells Fargo . . . from all claims, counterclaims, avoidance actions, demands, debts, damages, agreement covenants, suits contracts, obligations, liabilities, accounts, offsets, <u>defenses</u>, rights, actions, and causes of action . . . relating in any way to any <u>defenses</u> or claims made by the Debtor . . . in the [State Court Action].

(emphasis supplied).

In her initial Objection, the Debtor objected to the Motion only to the extent the Trustee seeks approval of Paragraph 6 of the Stipulation, and then only to the extent the Stipulation waives "any defenses available to the Debtor in the [State Court Action] . . .

3

which do not seek monetary relief and only seek a denial of foreclosure." The Debtor stated in her Objection that "[t]o the extent the Stipulation proposes to settle the counterclaim seeking money damages to the mortgage foreclosure brought by WELLS FARGO, Debtor has no objection." In the Objection, the Debtor argues that the Defenses are not property of the bankruptcy estate and thus cannot be waived by the Trustee. In her brief, the Debtor argues for the first time that the Counterclaim is itself an exempt asset and that the Trustee's compromise and waiver of the Debtor's Defenses and the Counterclaim constitutes unlawful conversion of her Homestead Property.

Wells Fargo and the Trustee contend, pursuant to sections[1] 541(a)(1) and 558, that the Debtor's rights in the State Court Action, including the Defenses and the Counterclaim, are property of the bankruptcy estate and that the Trustee may waive or otherwise settle the Defenses and the Counterclaim in a manner binding on the Debtor. Wells Fargo and the Trustee also argue that the Defenses are "more in the nature of counterclaims that the state court can treat as such, and that the Trustee can settle without question."

The commencement of a bankruptcy case creates an estate comprising substantially all legal and equitable interests of the debtor in property as of the petition date. 11 U.S.C. § 541(a)(1). Pursuant to section 704(a)(1), the chapter 7 trustee serves to "collect and reduce to money the property of the estate" for distribution to creditors under section 726. "Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268,1272 (11th Cir. 2004) (citations omitted). As with other pre-petition claims, a debtor's pre-petition counterclaims are property of the estate. *In re Sims*, 2009 WL 4255555, at *2 (Bankr. D. Kan. Nov 25, 2009). Such counterclaims remain

---

[1] Unless otherwise indicated, the terms "section" and "sections" used in this Order refer to sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

4

property of the estate, and the trustee has exclusive standing to pursue them, unless abandoned pursuant to section 554.[2]  *In re Sims*, 2009 WL 4255555 at *2.

Wells Fargo and the Trustee cite two decisions and a Bankruptcy Code provision to support their contention that a debtor's pre-petition defenses are property of the bankruptcy estate: *Pahiakos v. Martin*, 957 So. 2d 74 (Fla. 4th DCA 2007); *Martin v. Pahiakos*, 490 F.3d 1272 (11th Cir. 2007); and section 558.  The decisions of the Florida 4th District Court of Appeal and the 11th Circuit Court of Appeals (the "Martin Cases"), which involve the same parties, are distinguishable from the instant case.  The debtor in the Martin Cases was a defendant in state court litigation who defaulted, resulting in entry of a pre-petition default judgment. *Pahiakos v. Martin*, 957 So. 2d at 75.  Subsequently, the debtor filed a motion in the state court to quash service of process and vacate the default judgment. *Martin v. Pahiakos*, 490 F.3d at 1274.  After the debtor filed for bankruptcy protection, the trustee and the judgment creditor entered into a settlement agreement providing that the debtor's defenses in the state court litigation were property of the estate pursuant to section 541(a)(1). *Pahiakos v. Martin*, 957 So. 2d at 75.  As part of the settlement, the trustee waived the debtor's sufficiency of process defense. *Martin v.*

---

[2] Section 554 states:

    (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

    (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

    (c) Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

    (d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

5

*Pahiakos*, 490 F.3d at 1274.  The debtor subsequently filed a motion in state court for relief from the default judgment, again arguing that service of process was not sufficient. Concurrently, the judgment creditor sought an order from the bankruptcy court enjoining the debtor from proceeding in the state court action. *Id.* at 1275.  In reversing an order granting the debtor relief from the default judgment, the Florida 4th District Court of Appeal held that the debtor's defenses were property of the estate and were waived by the trustee. *Pahiakos v. Martin*, 957 So. 2d at 76.  The 11th Circuit Court of Appeals ruled that the debtor's defenses were waived by the trustee and that the debtor was barred by the doctrine of *res judicata* from re-litigating this issue. *Martin v. Pahiakos*, 490 F.3d at 1277. Importantly, the Martin Cases are premised on the fact that the bankruptcy court approved the settlement agreement, which stipulated that the debtor's defenses were property of the estate, after notice to the debtor and the debtor failed to object. *See Pahiakos v. Martin*, 957 So. 2d at 76; *Martin v. Pahiakos*, 490 F.3d 1272.  Thus, the Martin Cases stand for the narrow proposition that a debtor, properly noticed, who fails to object to a settlement agreement entered into by the trustee that waives his pre-petition defenses, which settlement agreement is then approved by the court, is precluded from later re-litigating those defenses.

Wells Fargo also relies on section 558 to support its assertion that a debtor's pre-petition defenses are property of the estate that can be waived by the trustee.  Section 558 provides:

> The estate shall have the <u>benefit</u> of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses.  A waiver of any such defense by the debtor after the commencement of the case does not bind the estate.

11 U.S.C. § 558 (emphasis supplied).  This provision empowers the trustee to use defenses otherwise available to the debtor.  It does not deny the debtor the ability to use the same

6

defenses.  Under section 558, the "trustee is entitled to use the defense to its fullest extent without preventing the debtor from raising the same . . . The trustee's right under § 558 to assert [the] debtor's defenses differs from the exclusive right to assert [the] debtor's causes of action." *In re Nasr*, 120 B.R. 855, 858 (Bankr. S.D. Tex. 1990) (citations omitted).  A trustee's waiver of the right to assert a defense of the debtor does not preclude the debtor from independently raising the same defense.  In this case, the Trustee may waive the Debtor's Defenses on behalf of the estate, but may not waive the Defenses in any manner that purports to limit the Debtor's right to use such Defenses.

Wells Fargo also argues that the Defenses are essentially counterclaims, and are thus property of the estate that can be settled by the Trustee, precluding the Debtor from raising or otherwise litigating them.  The Court agrees that to the extent the Debtor's Defenses seek monetary recovery from Wells Fargo, other than the proper application of payments previously made by the Debtor to Wells Fargo, the Defenses are the equivalent of counterclaims and may be settled or waived by the Trustee. *In re Sims*, 2009 WL 4255555 at *4.  However, to the extent the Defenses may be presented in the State Court Action to avoid the relief requested by Wells Fargo, including the Debtor's request that certain prior payments made by the Debtor should be applied in reduction of the monetary judgment requested by Wells Fargo, such are defenses that the Trustee may not waive on behalf of the Debtor over the Debtor's objection.  Most of the Defenses presented by the Debtor fall into this latter category.

The Debtor argues for the first time in her brief that the Counterclaim is a component of her Homestead Property and is thus itself an exempt asset.  This argument was not raised in the Debtor's written Objection.  Indeed, the Debtor's initial Objection is focused on the Trustee's attempted waiver of defenses and specifically states that the Debtor is not challenging the settlement of the Counterclaim.  Wells Fargo and the Trustee

7

had no notice of the Debtor's belated argument prior to the filing of the Debtor's brief. For these reasons, the Court finds that the Debtor waived the right to argue that the Counterclaim is an asset exempt from administration by the Trustee.

In any case, the Debtor's Counterclaim against Wells Fargo must be treated the same as any other pre-petition counterclaim of a debtor. The Counterclaim is property of the estate. It is not imbued with any special status merely because it relates to an asset that may be exempt under the Bankruptcy Code or applicable non-bankruptcy law. The exemptions provided under section 522 and under Florida law extend only to the assets themselves and the basic property rights associated therewith. The Trustee could not sell the Debtor's right to possession of her Homestead Property because that right is part of the bundle of rights making up her fee interest. It is at the core of the property interest itself. But the Counterclaim at issue here is a right independent of the Debtor's present ownership of the Homestead Property. Indeed, the Debtor could sell the Homestead Property and still retain the right to pursue the Counterclaim. The Counterclaim is not exempt from administration in this case. The Trustee may pursue, settle, or abandon the Counterclaim as he sees fit, subject to approval of this Court as required under the Bankruptcy Code.

Because the Stipulation entered into by Wells Fargo and the Trustee requires this Court to rule that the Debtor's Defenses in the State Court Action will be waived with regard to the Debtor, the Debtor has objected to this provision, and the Court finds that such waiver is beyond the Trustee's power, the Stipulation will be disapproved and the Motion denied.

For the foregoing reasons, and being otherwise fully advised in the premises, it is **ORDERED AND ADJUDGED** that:

    1.    The Objection [ECF No. 46] is SUSTAINED.

    2.    The Motion [ECF No. 43] is DENIED.

    3.    The Stipulation attached to the Motion [ECF No. 43] is hereby DISAPPROVED.

###

Copies furnished to:

Michael R. Bakst, Esq.

*Michael R. Bakst, Esq. is directed to serve a copy of this order on all appropriate parties and file a certificate of service with the Court.*